IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS F. RISELEY,

    Petitioner,          No. CIV S-04-2417 DFL JFM P

    vs.

WARDEN, PLEASANT
VALLEY STATE PRISON,

    Respondent.         ORDER

/

        On April 13, 2005, petitioner submitted a response to this court's March 16, 2005 order directing petitioner to file an amended complaint. Petitioner's document was not served on respondent. Petitioner marked his filing "ex parte due to lack of access to law library." Id. This response is not properly the subject of an ex parte request. Ordinarily, petitioner's filing would not be considered in the absence of proof that the document had been served on all parties to this action. However, since petitioner's deadline to file an amended petition has now passed and respondent received electronic notice of petitioner's filing, the court will consider his response. Petitioner is cautioned, however, that all documents must be served on parties to this litigation before they will be considered by this court. See Local Rule 5-135.[1] Failure to comply with this

---

[1] Ex parte requests are only considered in extraordinary circumstances not generally encountered in the course of civil litigation.

rule will result in a recommendation that this action be dismissed for petitioner's failure to comply with court orders. Petitioner is advised that he may serve a handwritten copy of his filing on counsel for respondent.

On March 30, 2005, the United States Supreme Court issued an opinion that affects this case. <u>Rhines v. Weber</u>, \_\_\_\_\_ U.S. \_\_\_\_\_, 125 S.Ct. 1528 (March 30, 2005). Petitioner is no longer required to file an amended petition raising only exhausted claims. Petitioner indicates in his response that he intends to return to state court to exhaust his sixth and seventh claims for relief.[2] However, petitioner must file a motion to stay this action. In that motion, petitioner must also demonstrate that good cause existed for his failure to exhaust his sixth and seventh claims at the same time he exhausted his other claims. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." <u>Rhines</u>, <u>supra</u>.

On the other hand, petitioner remains free to "delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." <u>Rhines</u>, quoting <u>Rose v. Lundy</u>, 455 U.S. 509, 520 (plurality opinion) ("[A petitioner] can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims"). If petitioner chooses not to file a motion for stay, he may seek leave of court to delete claims six and seven and the court will proceed on the claims previously exhausted.

In addition, petitioner states he has written his state-appointed appeals attorney in an effort to obtain certain documents needed to pursue exhaustion of claims six and seven, but

---

[2] In his filing, petitioner asked whether the intentional use of false testimony by the state would serve to by-pass the requirement that he first exhaust his state court remedies. Petitioner is advised that the exhaustion requirement is a procedural requirement, not relevant to the merits of any particular claim. Thus, petitioner is required to exhaust his state court remedies before pursuing his federal habeas claims herein.

counsel has failed to respond. Petitioner also seeks appointment of counsel to handle the exhaustion of these claims. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time. Thus, petitioner's motion for the appointment of counsel will be denied. The court will direct petitioner's former attorney, however, to provide petitioner with the documents needed to exhaust claims six and seven.

In light of these rulings, petitioner's request for suspension of proceedings is denied.[3]

Accordingly, IT IS HEREBY ORDERED that:

1. Within twenty days from the date of this order, petitioner shall file a motion to stay these proceedings; said motion shall be briefed according to Local Rule 78-230(m);

2. Petitioner's April 13, 2005 request for appointment of counsel is denied;

3. Within fifteen days from the date of this order, petitioner's state appellate attorney, Alan Siraco, is directed to provide petitioner with the documents necessary to exhaust claims six and seven or to notify this court why such documents cannot be provided. The Clerk of the Court is directed to serve a copy of this order on Mr. Siraco:

> Alan Siraco
> Attorney at Law
> 2777 Yulupa Avenue
> Santa Rosa, CA  95405

---

[3] Petitioner is cautioned that if the motion for stay is granted, time constraints on exhaustion will be set. "'District courts should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed.' And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." Rhines, quoting Zarvela v. Artuz, 254 F.3d 374, 381 (C.A.2 2001).

IT IS SO ORDERED.

DATED:   April 22, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

/001
rise2417.fb