IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS F. RISELEY,

    Petitioner,           No. CIV S-04-2417 DFL JFM P

    vs.

WARDEN, PLEASANT
VALLEY STATE PRISON,

    Respondent.          ORDER

          /

         On April 25, 2005, petitioner was ordered to file, within twenty days, a motion to stay these proceedings in light of new Supreme Court authority. <u>Rhines v. Weber</u>, ____ U.S. ____, 125 S.Ct. 1528 (March 30, 2005). Petitioner was informed that he could also opt to "delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." <u>Rhines</u>, quoting <u>Rose v. Lundy</u>, 455 U.S. 509, 520 (plurality opinion) ("[A petitioner] can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims"). In order words, if petitioner chose not to file a motion for stay, he could seek leave of court to delete claims six and seven and the court will proceed on the claims previously exhausted.[1] Twenty days from that order have now passed and petitioner has failed to file a

---

[1] Petitioner is cautioned that if he chooses to proceed on an amended petition raising only exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any other federal court. <u>See</u> <u>McCleskey v. Zant</u>, 499 U.S. 467 (1991); <u>see also</u> <u>Rose</u>, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases. Petitioner is further cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date

1

motion for stay or to request dismissal of his two unexhausted claims.

The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. <u>Rose v. Lundy</u>, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed. Thus, some action from petitioner is required before this case can proceed.

In an abundance of caution, petitioner will be granted an additional thirty days in which to respond to this court's April 25, 2005 order. Petitioner is admonished that failure to respond to this order will result in a recommendation that this action be dismissed.

Accordingly, IT IS HEREBY ORDERED that within twenty days from the date of this order, petitioner shall:

1. File a motion to stay these proceedings; said motion shall be briefed according to Local Rule 78-230(m); or

2. File a request to voluntarily dismiss his sixth and seventh claims.

Failure to timely comply with this order will result in a recommendation that this action be dismissed.

DATED: June 8, 2005.

UNITED STATES MAGISTRATE JUDGE

/001; rise2417.fb2

---

on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).