IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS F. RISELEY,

    Petitioner,               No. CIV S-04-2417 DFL JFM P

    vs.

WARDEN, PLEASANT VALLEY STATE PRISON,

    Respondent.          <u>ORDER</u>

                             /

        By order filed June 8, 2005, petitioner was ordered to file a motion to stay these proceedings or file a request to voluntarily dismiss his sixth and seventh claims, as petitioner's application is a mixed petition containing both exhausted and unexhausted claims for relief.  That order was returned marked undeliverable.  On June 16, 2005, the order was re-served to plaintiff at his current address of record.  On June 20, 2005, that order was returned marked undeliverable, "inmate no longer at MCSP."  Thirty days from that re-service date have now expired, and petitioner has not filed a motion to stay or a request to voluntarily dismiss his two unexhausted claims or otherwise responded to the court's order.

        On July 22, 2005, this court issued findings and recommendations recommending this action be dismissed for petitioner's failure to respond to this court's June 8, 2005 order.

Petitioner's copy of the findings and recommendations was returned as undeliverable on July 26, 2005. On July 27, 2005, petitioner wrote the court concerning return of documents; his request noted he was located in Coalinga, California.

On September 2, 2005, the findings and recommendations were re-served on petitioner at Mule Creek. On September 15, 2005, those findings and recommendations were returned as undeliverable stating the prison could not identify plaintiff without an inmate identification number, despite the court's record that the service address included plaintiff's identification number. On September 16, 2005, the findings and recommendations were re-served on petitioner at his Coalinga, California address.

It is unclear from this record that petitioner has ever received the findings and recommendations.[1] In addition, petitioner's July 27, 2005 filing indicates he has not been in possession of his legal materials and has been denied access to the U.S. Mail, except when corresponding with the courts. Due to the state of the record herein, the court will vacate the findings and recommendations, and direct the Clerk of the Court to provide petitioner with copies of certain documents from the file.

As noted in this court's March 15, 2005 order, petitioner has failed to exhaust his sixth and seventh claims. Thus, at present, petitioner's November 12, 2004 petition contains both exhausted and unexhausted claims. The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982).

/////

/////

---

[1] Local Rule 83-182(f) requires that a party appearing in propria persona inform the court of any address change. However, if a litigant is deprived of his legal materials, it would be difficult to conform with this rule. Because the dismissal of this action may bar petitioner's claims for relief, this court is exercising caution.

Petitioner has two choices.

1. Petitioner can file a motion to stay the instant action pending exhaustion of state remedies with respect to his unexhausted claims. See Rhines v. Weber, _ U.S. _, 125 S.Ct. 1528, 1535 (2005). Rhines limits the circumstances of the granting of a stay and abeyance, requiring that good cause be shown for a petitioner's failure to exhaust prior to filing a federal habeas petition and that the unexhausted claims have merit. 125 S. Ct. at 1535. Rhines authorizes the staying of a mixed petition, but requires district courts to place reasonable time limits on a petitioner's trip to state court and back. Id.

2. Or, petitioner can file an amended petition raising only exhausted claims. Rose v. Lundy, 455 U.S. 509 (1982). "Rose mandates that a district court must dismiss mixed petitions and leave petitioners with a choice of paths to pursue. [Pliler v.] Ford reiterates this dictate by quoting directly from Rose, and Rhines follows suit." Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005)(citations omitted).

In his April 13, 2005 response, petitioner stated he would "go back to the state court and raise the 6th and 7th issues before proceeding." Id. at 1. However, by order filed April 25, 2005, petitioner was informed of his obligation under Rhines to file a motion to stay. It is unclear at this time whether petitioner has returned to state court and, if so, whether the state court has now ruled on his unexhausted claims.

In any event, under the holdings of Rose and Rhines, petitioner must take at least one of the two steps above. Should he fail to take either step, this court will have no choice but to recommend dismissal of this action as a mixed petition containing both exhausted and unexhausted claims. Such a recommendation, if adopted by the district court, would have serious consequences on petitioner's ability to seek habeas relief in the future.[2]

---

[2] Petitioner is cautioned that if he chooses to proceed on an amended petition raising only exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any other federal court. See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases. Petitioner is further cautioned that the

Accordingly, IT IS HEREBY ORDERED that:

1. The July 22, 2005 findings and recommendations are vacated.

2. The Clerk of the Court is directed to send petitioner a copy of the following filings:  June 8, 2005 (Docket No. 14) and July 22, 2005 (Docket No. 18).

3. The Clerk of the Court is directed to change petitioner's address of record to Pleasant Valley State Prison, P.O. Box 8501, Coalinga, California 93210-8501.

4. Within thirty days from the date of this order, petitioner shall:

    a. File a motion to stay these proceedings; said motion shall be briefed according to Local Rule 78-230(m); or

    b. File an amended petition raising only exhausted claims.

Failure to timely comply with this order will result in a recommendation that this action be dismissed.

DATED:  October 21, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

/001;rise2417.lst

---

habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

4