1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   THOMAS F. RISELEY,

11           Petitioner,                    No. CIV S-04-2417 DFL JFM P

12       vs.

13   WARDEN, PLEASANT
     VALLEY STATE PRISON,

14

15           Respondent.                    ORDER

16   _____/

17           By order filed February 6, 2006, petitioner was ordered to file a motion to stay

18   these proceedings that complied with the provisions of Rhines v. Weber, 544 U.S. 269 (2005).

19   On February 17, 2006, petitioner filed a motion for stay and abeyance.  Respondent did not file

20   an opposition.

21           Petitioner states that

22           [u]pon receiving [his] appeal attorney's opening brief, [he]
             discovered that he had not raised the issue of not allowing my
23           cross-examination of the complaining witness.[1]  Upon receiving
             [his] transcripts after the final state appeal, [he] discovered that the

24

25   _____

26       [1]  It appears petitioner's appellate counsel included this claim in a supplemental opening
     brief.  (People v. Riseley, No. AO98703, dated January 30, 2003 (appended to petition).)

                                            1

1    records had been altered and requested [his] attorney to act on this.
     He refused and [he] contacted [this court].

2

3    (Motion at 1-2.)  Petitioner concedes he does not understand how to write this motion, that he has

4    repeatedly requested appointment of counsel, and maintains his sixth and seventh claims were

5    exhausted because they were "covered in his claim that he was denied the right to cross-

6    examine." (Motion at 3.)  Petitioner also states that his legal records were lost during the course

7    of his transfer to Calipatria State Prison for five days and then back to Pleasant Valley State

8    Prison.  (Id.)

9              By order filed March 16, 2005, this court found that petitioner's application is a

10   mixed petition containing both exhausted and unexhausted claims for relief.  Claims six and

11   seven were found to be unexhausted and petitioner was advised that he could either move to stay

12   this action while he returns to state court to exhaust his state court remedies or he could dismiss

13   claims six and seven and elect to proceed only on his unexhausted claims.

14             Over one year has elapsed and the posture of this case is the same.  Petitioner's

15   February 17, 2006 motion to stay and abey this action does not meet the requirements of Rhines,

16   supra.  Petitioner has failed to demonstrate good cause for his failure to exhaust claims six and

17   seven in state court in his initial petition for writ of habeas corpus.  The court cannot grant

18   petitioner's motion to stay, yet it cannot proceed on the November 12, 2004 petition because it

19   contains unexhausted claims.  The United States Supreme Court has held that a federal district

20   court may not entertain a petition for habeas corpus unless the petitioner has exhausted state

21   remedies with respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509 (1982).  A

22   mixed petition containing both exhausted and unexhausted claims must be dismissed.

23             Finally, it is not clear petitioner intends to timely pursue exhaustion of claims six

24   and seven in state court in light of his continued belief that claims six and seven are exhausted.[2]

25   _____

26       [2] In his April 13, 2005 response, petitioner stated he would "go back to the state court
     and raise the 6th and 7th issues before proceeding."  Id. at 1.  It is unclear on the present record

1   If petitioner is granted leave to pursue these unexhausted claims in state court, petitioner must do

2   so immediately.  Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005).

3              ("[District courts] should explicitly condition the stay on the
                prisoner's pursuing state court remedies within a brief interval,
4               normally 30 days, after the stay is entered and returning to federal
                court within a similarly brief interval, normally 30 days after state
5               court exhaustion is completed").  And if a petitioner engages in
                abusive litigation tactics or intentional delay, the district court
6               should not grant him a stay at all. See id., at 380-381.

7   Rhines, 125 S.Ct. at 1535.

8              Despite petitioner's belief to the contrary, this court found on March 15, 2005 that

9   petitioner has failed to exhaust his sixth and seventh claims.  Thus, petitioner's November 12,

10  2004 petition contains both exhausted and unexhausted claims.  On this record, there are only

11  two options available to petitioner:

12             1.  Petitioner will be given one final opportunity to file a motion to stay the instant

13  action pending exhaustion of state remedies with respect to his unexhausted claims.  See Rhines,

14  supra.  Petitioner must demonstrate good cause for his failure to exhaust his state court remedies

15  prior to filing a federal habeas petition and that the unexhausted claims have merit.  Rhines, 125

16  S. Ct. at 1535.  Rhines authorizes the staying of a mixed petition, but requires district courts to

17  place reasonable time limits on a petitioner's trip to state court and back.  Id.

18             2.  Or, petitioner may elect to abandon his unexhausted claims.  See James v.

19  Pliler, 269 F.3d 1124, 1126-27 (9th Cir. 2001).  If petitioner chooses to abandon claims six and

20  seven, the court will proceed to the matter of petitioner's exhausted claims.

21             Within thirty days of the date of this order, petitioner shall file a document signed

22  by petitioner stating unequivocally which option petitioner chooses.

23             In any event, under the holdings of Rose and Rhines, petitioner must take at least

24  one of the two steps above.  Should he fail to take either step, or notify this court which option he

25

26  whether petitioner has attempted to exhaust these claims in state court.

1  intends to pursue, the court will recommend dismissal of unexhausted claims six and seven and

2  will proceed on only the remaining exhausted claims.  Such a recommendation, if adopted by the

3  district court, may have serious consequences on petitioner's ability to seek habeas relief in the

4  future.[3]

5              Accordingly, IT IS HEREBY ORDERED that:

6              1.  Petitioner's February 17, 2006 motion for stay and abeyance is denied without

7  prejudice.

8              2.  Within thirty days from the date of this order, petitioner shall file a document

9  signed by petitioner stating unequivocally which option petitioner chooses; and, if petitioner

10  chooses to file a motion to stay these proceedings, petitioner shall comply with the requirements

11  of Rhines v. Weber, supra; said motion shall be briefed according to Local Rule 78-230(m).

12              3.  Failure to timely comply with this order will result in a recommendation that

13  petitioner's unexhausted claims be dismissed and the court will proceed solely on petitioner's

14  exhausted claims.

15  DATED:  April 18, 2006.

16

17                                          UNITED STATES MAGISTRATE JUDGE

18

19  /001;rise2417.2nd

20

21  _____

22  [3]  Petitioner is cautioned that if he chooses to proceed on an amended petition raising only exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any other federal court.  See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at

23  520-21; Rule 9(b), Rules Governing Section 2254 Cases.  Petitioner is further cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas

24  corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the

25  expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28

26  U.S.C. § 2244(d).