1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   THOMAS F. RISELEY,

11            Petitioner,                    No. CIV S-04-2417 DFL JFM P

12       vs.

13   WARDEN, PLEASANT VALLEY
     STATE PRISON,
14
              Respondent.              FINDINGS AND RECOMMENDATIONS
15
     _____/
16

17            By order filed April 19, 2006, petitioner was directed to unequivocally state

18   whether he intended to move for a stay and abeyance so he could return to state court and exhaust

19   his remedies as to claims six and seven, or whether he wished to dismiss claims six and seven

20   and proceed with only those exhausted claims, claims one through five.  On February 17, 2006,

21   petitioner filed a motion for stay and abeyance.[1]  On May 30, 2006, petitioner filed a document

22   entitled "Writ of Mandamus," which this court construes as a request for reconsideration.

23   Respondent has filed no opposition.

24            By order filed March 16, 2005, respondent's motion to dismiss was granted

25   because the court found petitioner's claims six and seven were unexhausted.  In claim six,

26

     _____

        [1]  Although petitioner did not serve a copy of this request on counsel for respondent,
     counsel received notice through the court's electronic docketing system, CM/ECF.

                                        1

1  petitioner contends there was vindictive prosecution and alteration of the reporter's transcripts.

2  In claim seven, petitioner claims there was judicial misconduct and alteration of the reporter's

3  transcripts.[2]

4  I.  Standards

5       The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year

6  statute of limitations to petitions for a federal writ of habeas corpus concerning a state court

7  judgment.  28 U.S.C. § 2244(d)(1).  However, exhaustion of all state remedies is a prerequisite to

8  the petition.  28 U.S.C. § 2254(b)(1); Rose v. Lundy, 455 U.S. 509, 510 (1982).  The interplay of

9  these two requirements created a problem for petitioners filing mixed petitions because the

10  statute of limitations often precluded petitioners from obtaining federal review of the

11  unexhausted claims.  See Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 1533 (2005).

12       In Rhines, the Supreme Court resolved this problem by approving a procedure

13  whereby a district court, in its discretion, could "stay [a] petition and hold it in abeyance while

14  [a] petitioner returns to state court to exhaust his previously unexhausted claims."  Id. at 1534.

15  However, because a stay and abeyance has the potential to frustrate AEDPA's dual purposes of

16  encouraging finality of state court judgments and creating incentives for petitioners to seek relief

17  in state court first, the Supreme Court also stated that the "stay and abeyance should be available

18  only in limited circumstances."  Id. at 1534-35.

19       Thus, under Rhines, the stay and abeyance of a mixed petition is appropriate when

20  the district court determines: (1) "there was good cause for petitioner's failure to exhaust his

21  claims in state court;" (2) the unexhausted claims are not "plainly meritless;" and (3) "reasonable

22  time limits are placed on a petitioner's trip to state court and back."  Id.

23       "[I]t is error for a district court to dismiss a mixed habeas petition without first

24  offering the petitioner the options provided in Rose v. Lundy, 455 U.S. 509 (1982)."  See

25  Jefferson v. Budge, 419 F.3d 1013, 1014, 1016 (9th Cir.2005); see also Rhines, supra,("[I]f a

26

_____

     [2]  Although petitioner labeled these claims as claims numbered 5 & 6 (Petition at 7), the
petition already included a claim five (Petition at 5), so the court refers to them as claims 6 & 7.

1   petitioner presents a district court with a mixed petition . . . the court should allow the petitioner

2   to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the

3   entire petition would unreasonably impair the petitioner's right to habeas relief.").

4   II.  Analysis

5           In the instant action, petitioner has not demonstrated good cause for his failure to

6   exhaust his claims in state court, despite repeated effort.  Petitioner was first put on notice that

7   these two claims were unexhausted by this court's March 16, 2005 order on respondent's motion

8   to dismiss.  On June 8, 2005, petitioner was informed of his obligations under Rhines, supra, and

9   given an opportunity to file a motion to stay.  On October 24, 2005, petitioner was granted an

10  additional thirty days to file a motion to stay or file a petition raising only exhausted claims.

11  Petitioner was informed of his options under Rose v. Lundy, supra, in both the June 8, 2005

12  order and the October 24, 2005 order.

13          On November 21, 2005, petitioner filed a request to stay this action but noted he

14  was seeking an interlocutory appeal because he believed he had exhausted all of his claims.  That

15  request was denied because petitioner failed to file a motion, did not provide a declaration, and

16  failed to set forth good cause for his failure to exhaust his claims earlier.  (February 6, 2006

17  Order at 1.)  Petitioner was granted twenty days to file a motion that complied with Rhines,

18  supra.

19          In petitioner's February 17, 2006 motion for stay, he alleged he was proceeding

20  pro se, did not understand how to write this motion and had repeatedly asked for the assistance of

21  counsel.  (February 17, 2006 Request at 3.)  That motion for stay was denied[3] and petitioner was

22  instructed on the elements of Rhines v. Weber, supra, reminded of his options under Rose v.

23

---

24          [3]  The mere fact that a petitioner is pro se or lacks knowledge of the law, is insufficient to
    satisfy the cause prong.  That is, "[w]hen a pro se petitioner is able to apply for post-conviction
25  relief to a state court, the petitioner must be held accountable for failure to timely pursue his
    remedy to the state supreme court."  Hughes v. Idaho State Board Of Corrections, 800 F.2d 905,
26  909 (9th Cir.1986) (finding petitioner's claims of illiteracy and lack of help in appealing
    post-conviction petition, though unfortunate, to be insufficient to meet cause standard); Boyd v.
    Thompson, 147 F.3d 1124,1126-27 (9th Cir. 1998).

1   Lundy, supra, and given an opportunity to file a new motion for stay.  (April 19, 2006 Order.)

2       Petitioner's May 1, 2006 motion for stay and his subsequently filed request for

3   reconsideration are similarly unavailing.  Petitioner states that the reason for his delay was he had

4   "no way of knowing that [his] transcripts were not factual.  When [he] did find out [he] did

5   notify [his] attorney, who refused to file these issues."  Id. at 2.  Petitioner did not provide the

6   date he received the transcripts or the date he discovered the transcripts had been altered.

7   Petitioner did not identify what efforts he took once he learned his attorney would not proceed on

8   those claims.  Petitioner fails to state whether he received the transcripts while his direct appeal

9   was pending or after it was concluded.  It appears his petition for review in the California

10  Supreme Court was denied September 24, 2003.  (Petition at 2.)

11      Petitioner has also failed to demonstrate that his two unexhausted claims have

12  merit.  He has provided no evidence in support of his claims that his trial transcripts have been

13  criminally altered.  Although he includes the allegation of alteration with claims of "vindictive

14  prosecution" and judge misconduct, he does not explain how the prosecutor and/or the judge

15  were able to alter the transcripts.  Trial transcripts are prepared by certified shorthand reporters

16  who file their transcripts and certify that the testimony recorded is accurate.  Moreover, petitioner

17  has failed to demonstrate how the two alterations he alleges in his petition rise to the level of a

18  constitutional violation.  On this record, the court cannot find that the two unexhausted claims

19  have merit.

20      In addition to the above, petitioner has not demonstrated he has been diligently

21  attempting to exhaust his administrative remedies.  Petitioner appended a copy of a ruling from

22  the California Court of Appeal for the First Appellate District.  (Motion, Ex. A.)  On March 23,

23  2006, that court denied his petition for writ of habeas corpus without prejudice to its being refiled

24  in the Solano County Superior Court.  (Id.)  In his motion, petitioner claims to have filed with the

25  Solano County Superior Court pursuant to the March 23, 2006 order.  (Motion at 1-2.)  However,

26  petitioner did not provide the date he filed in the superior court.

1    Arguably, petitioner was put on notice as early as March 16, 2005 that at least two

2 of his claims were unexhausted.  From the attachment to his petition, it appears he did not

3 attempt to begin the exhaustion process until sometime prior to March 26, 2006.  This delay

4 would not be viewed as reasonable under Rhines, supra.

5    Finally, in petitioner's May 30, 2006 request for reconsideration, he argues that

6 Rhines and Rose provide authority for his position that his case presents "truly exceptional

7 circumstances" that enable this court to consider his mixed petition.  However, as noted above,

8 he has failed to explain, using the factors required by Rhines, how his circumstances rise to the

9 level of truly exceptional.

10    For all of the above reasons, this court will recommend denial of petitioner's

11 motion for stay and abeyance.  While petitioner is free to pursue whatever state court remedies he

12 has available to him or to voluntarily dismiss this action, this action will not be stayed pending

13 his attempts to exhaust his state court remedies on the two unexhausted claims.

14    In light of this ruling, petitioner now has two new options to proceed in the instant

15 action.

16    1.  Petitioner may file an amended petition raising only exhausted claims one

17 through five.[4]  The Supreme Court has adopted a rule of "total exhaustion" for habeas petitions

18 and thus has held that district courts "must dismiss" mixed petitions.  Rose v. Lundy, 455 U.S.

19 509, 510, 518-21 (1982); accord Pliler v. Ford, 124 S.Ct. 2441, 2445 (2004) ("[F]ederal district

20 courts must dismiss mixed habeas petitions.") (citing Rose, 455 U.S. at 510, 522); see also

21 Rhines, 125 S.Ct. at 1533, 1535 (noting that, although there are certain circumstances under

22 which a district court may stay a habeas petition, statutory changes to the habeas statute

23 "preserved Lundy's total exhaustion requirement") (citation omitted).

24    OR

25

26    [4] Petitioner also retains the right to file a motion to amend the petition to add claims six
and seven once he exhausts state court remedies as to claims six and seven.  The court will not
address at this time whether such a motion would be appropriate or timely under Mayle v. Felix,
_____ U.S. _____, 125 S.Ct. 2562, 2574 (2005).

1    2.  Petitioner may dismiss the entire petition without prejudice.[5]  However,

2  petitioner is cautioned that dismissal of the present proceeding (even dismissal "without

3  prejudice") will almost certainly contribute toward a statute of limitations bar against any federal

4  petition he might subsequently file.  Although 28 U.S.C. § 2244(d)(2) tolls limitations during the

5  pendency of "a properly filed application for State post-conviction or other collateral review,"

6  limitations probably would not have been tolled during the pendency of the instant federal

7  petition.  See Duncan v. Walker, 533 U.S. 167 (2001).

8    Accordingly, IT IS HEREBY RECOMMENDED that:

9    1.  Petitioner's May 1, 2006 motion for stay and abeyance be denied.

10    2.  Petitioner's May 30, 2006 writ of mandamus, construed as a request for

11  reconsideration, be denied.

12    3.  Within twenty days from the date of any order of the district court adopting

13  these findings and recommendations, petitioner shall file a document signed by petitioner stating

14  unequivocally which option petitioner chooses.  Failure to timely comply with that order will

15  result in a recommendation that petitioner's unexhausted claims have been abandoned and the

16  court will proceed solely on petitioner's exhausted claims.

17    These findings and recommendations are submitted to the United States District

18  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

19  days after being served with these findings and recommendations, any party may file written

20  objections with the court and serve a copy on all parties.  Such a document should be captioned

21  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

22

23    [5]  Petitioner is cautioned that if he chooses to proceed on an amended petition raising only exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any other federal court.  See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at

24  520-21; Rule 9(b), Rules Governing Section 2254 Cases.

    Petitioner is further cautioned that the habeas corpus statute imposes a one year statute

25  of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by

26  the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

failure to file objections within the specified time may waive the right to appeal the District

Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 12, 2006.

UNITED STATES MAGISTRATE JUDGE

/001; rise2417.staydn