IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS F. RISELEY,

      Petitioner,                    No. CIV S-04-2417 DFL JFM P

    vs.

WARDEN, PLEASANT VALLEY
STATE PRISON,

      Respondent.                 ORDER

_____/

      Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 5, 2007, the district court ordered petitioner to file a document signed by petitioner stating unequivocally his choice between the following options:

> 1. Petitioner may file an amended petition raising only exhausted claims one through five.[1] The Supreme Court has adopted a rule of "total exhaustion" for habeas petitions and thus has held that district courts "must dismiss" mixed petitions. Rose v. Lundy, 455 U.S. 509, 510, 518-21 (1982); accord Pliler v. Ford, 124 S.Ct. 2441, 2445 (2004) ("[F]ederal district courts must dismiss mixed

---

[1] Petitioner also retains the right to file a motion to amend the petition to add claims six and seven once he exhausts state court remedies as to claims six and seven. The court will not address at this time whether such a motion would be appropriate or timely under Mayle v. Felix, [545 U.S. 644], 125 S.Ct. 2562, 2574 (2005).

1

> habeas petitions.") (citing Rose, 455 U.S. at 510, 522); see also Rhines, 125 S.Ct. at 1533, 1535 (noting that, although there are certain circumstances under which a district court may stay a habeas petition, statutory changes to the habeas statute "preserved Lundy's total exhaustion requirement") (citation omitted).
>
> OR
>
> 2. Petitioner may dismiss the entire petition without prejudice.[2] However, petitioner is cautioned that dismissal of the present proceeding (even dismissal "without prejudice") will almost certainly contribute toward a statute of limitations bar against any federal petition he might subsequently file. Although 28 U.S.C. § 2244(d)(2) tolls limitations during the pendency of "a properly filed application for State post-conviction or other collateral review," limitations may not have been tolled during the pendency of the instant federal petition. See Duncan v. Walker, 533 U.S. 167 (2001).

(June 14, 2006 Findings and Recommendations at 5-6.) Petitioner was given until March 26, 2007 in which to file said declaration.

On March 20, 2007, petitioner filed a letter to the district court in which he again reiterated his desire to retain his unexhausted claims in this action, despite this court's denial of petitioner's motion to stay pending exhaustion.

Review of the court record reflects that petitioner has been informed on several occasions that he must either file a request to voluntarily dismiss his petition or file an amended petition that raises only exhausted claims. It is apparent from review of petitioner's filings that he has not elected to voluntarily dismiss his petition. However, in view of the language of Jackson v. Roe, 425 F.3d 654, 661 n.9 (9th Cir. 2005), the above two options are the only two options available to petitioner at this time:

/////

---

[2] Petitioner is cautioned that if he chooses to proceed on an amended petition raising only exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any other federal court. See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.

Petitioner is further cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

> This court's recent decision in Jefferson v. Budge, 419 F.3d 1013 (9th Cir.2005), addressed the question of whether a district court must offer a petitioner the choices announced in Rose before dismissing a mixed habeas petition. Id. at 1014. Answering the question presented in the affirmative, Jefferson contained the following statement: "Rose mandates that a district court must dismiss mixed petitions and leave petitioners with a choice of paths to pursue. [Pliler v.] Ford reiterates this dictate by quoting directly from Rose, and Rhines follows suit." Id. at 1016 (internal citations omitted). We understand this reference to mean that when a district court opts not to stay a mixed petition pursuant to Rhines, the requirements set forth in Rose continue to govern.

Jackson v. Roe, 425 F.3d 654, 661 n.9 (9th Cir. 2005). In other words, the language in Jackson makes clear that if petitioner fails to file an amended petition raising only exhausted claims, the court has no alternative but to dismiss the petition in its entirety as required by Rose v. Lundy, 455 U.S. 509, 510, 518-21 (1982).

Petitioner is advised that the court must have before it an amended petition that raises only the exhausted claims (one through five). This court may not proceed with a mixed petition. Rose, 455 U.S. 510, 518-21.

Accordingly, petitioner will be granted one final opportunity in which to file an amended petition that raises only his exhausted claims one through five. Petitioner is cautioned that if he fails to timely file an amended petition raising only his exhausted claims, this court will recommend that this action be dismissed in its entirety, without any disposition of his exhausted claims.

In accordance with the above, IT IS HEREBY ORDERED that petitioner is granted thirty days from the date of this order in which to file an amended petition raising only

/////
/////
/////
/////
/////

1  exhausted claims one through five.  Petitioner is cautioned that failure to timely file an amended
2  petition that raises only exhausted claims will result in a recommendation that this action be
3  dismissed in its entirety.
4  DATED: April 6, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

/001; rise2417.gow